(48 South. 148.)

No. 17,230.

STATE ex rel. BANK OF FRANKLINTON v. LOUISIANA STATE BOARD OF AGRICULTURE & IMMIGRATION.

(Jan. 4, 1909.)

1. DEPOSITARIES (§ 6*) — FUNDS OF STATE BOARDS—DEPOSIT—SELECTION OF BANKS—"SAFETY."

Under Acts Extra Sess. 1907, p. 25, No. 23, requiring public boards of the state to deposit their funds in one of the chartered banks within their jurisdiction offering the highest rate of interest consistent with the safety of the funds, and requiring the board to advertise and let the deposits, a distant bank cannot be excluded solely by reason of any supposed or real danger resulting from its distance, provided it is otherwise entitled to the contract, "safety," as used in the statute, meaning nothing more or less than that the funds should be safely kept and faithfully and punctually accounted for.

[Ed. Note.—For other cases, see Depositaries, Dec. Dig. § 6.*

For other definitions, see Words and Phrases, vol. 7, p. 6284.]

2. DEPOSITARIES (§ 6*)—STATE FUNDS—DEPOSIT—BANKS—SELECTION—DUTY OF BOARD.

Under Acts Extra Sess. 1907, p. 25, No. 23, requiring state boards to advertise and let the deposits on open bids to the bank offering the highest rate of interest consistent with safety of the funds, a board's function in ascertaining which bank has offered the highest rate of interest is confined to comparing the face of the bids, the only discretion granted to the board being to determine whether the bids are regular, and whether the bank whose bid is highest on the face of the papers would be a safe depository in the sense of safely keeping and restoring the funds.

[Ed. Note.—For other cases, see Depositaries, Dec. Dig. § 6.*]

3. MANDAMUS (§ 72*) — DUTY OF OFFICERS — DISCRETION.

If, by a mistake of law or otherwise, there has been no actual or bona fide exercise of discretion by public officers, mandamus will lie.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 134; Dec. Dig. § 72.*]

4. DEPOSITARIES (§ 6*)—FUNDS—DEPOSIT—SELECTION OF BANKS.

Under Acts Extra Sess. 1907, p. 25, No. 23, requiring state boards to advertise and let deposits of public funds to the bank offering the highest rate of interest consistent with safety of the funds, a state board is without authority to proceed to let such a contract until it has pronounced on the bids in the manner prescribed by the statute.

[Ed. Note.—For other cases, see Depositaries, Dec. Dig. § 6.*]

5. DEPOSITARIES (§ 6*)—DEPOSIT OF FUNDS—BIDS.

Acts Extra Sess. 1907, p. 25, No. 23, authorizes state boards to advertise for bids for state deposits and to let the deposits to the bank offering the highest rate of interest consistent with safety of the funds. *Held*, that an advertisement under such act constituted an offer to let the contract to the highest responsible bidder, which ripened into a contract on acceptance by the filing of such bid, so that the bidder had sufficient interest to sue to restrain the board from letting the contract to any one except the highest bidder found to be a safe depositary.

[Ed. Note.—For other cases, see Depositaries, Dec. Dig. § 6.*]

Breaux, C. J., dissenting.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; Harney Félix Brunot, Judge.

Application for mandamus by the State, on relation of the Bank of Franklinton, against the Louisiana State Board of Agriculture and Immigration. Judgment for respondent, and relator appeals. Affirmed in part, and reversed in part.

Thomas Jones Cross, for appellant. Laycock & Beale, for appellee.

PROVOSTY, J. Act No. 23, p. 25, Extra Sess. 1907, the interpretation of which is involved in this case, being very long, we abstain from transcribing it here, and content ourselves with giving its substance, in so far as bearing upon this case; which can be done in a few words, and will answer just as well. It requires the public boards of this state to deposit the funds which come under their control in one of the chartered banks within their jurisdiction; and provides

that the bank "offering the highest rate of interest, consistent with safety of the funds," shall be selected as such depositary; and that the selection of the depositary shall be made by advertisement for bids. The language of the act is that the board shall "advertise and let the deposits." The act provides the manner and the time of the advertisements, and adds:

"As soon as possible after the terms of advertisement herein fixed shall have expired, said board shall meet at the capital and publicly open bids and make awards of said deposits as herein required."

The depositary is required to give bond.

The defendant board advertised for bids in pursuance of said statute, and, although plaintiff's bid was the highest, selected one of plaintiff's competitors. And the plaintiff bank at once, before the contract could be let, or any further steps taken, filed the present suit asking for a mandamus to compel the letting of the contract to it and for an injunction against letting to any one else.

The defenses are:

First. That statutes like the foregoing, which require public contracts to be let to the lowest bidder, or to the highest, as the case may be, are not enacted for the benefit of the bidders, but solely of the public; and, in consequence, confer upon the bidder no interest or standing to enforce compliance with them judicially.

Second. That the defendant board has a discretion in the selection of its depositary, and that this discretion cannot be controlled by mandamus.

Third. That the bidder which defendant selected was the highest, "consistent with the safety of the funds."

For convenience, we will invert the logical order, and consider first the latter two defenses. They can be dealt with together, as they constitute in reality but one.

Franklinton, where the plaintiff bank is located, is some distance from the capital. In passing on the bids, the defendant board took into consideration the expense and danger of transmitting the funds to and from plaintiff, and concluded that, by reason of this expense and danger, plaintiff was not the bank "offering the highest rate of interest," and the selection of plaintiff would not be "consistent with the safety of the funds." The reliability of plaintiff was not impugned, nor has it been impugned in this case by any evidence, although plaintiff tendered the issue, and produced what appears to be conclusive evidence upon it. On the face of the papers, plaintiff's bid was the highest.

A distant bank cannot be excluded by defendant by reason of any supposed or real danger resulting from its distance. Thereby competition would be confined to local banks, or local banks would be given an advantage, although the statute, in terms and in manifest spirit, extends competition to all the chartered banks within the jurisdiction of defendant, and places them all on a footing of perfect equality. By safety of the funds the statute means nothing more, or else, than their safe-keeping and faithful and punctual accounting for.

And we are equally clear that defendant's function in ascertaining which bank has "offered the highest rate of interest" is confined to comparing the face of the bids. Defendant is not asked, or required, to dispose of the funds to the best advantage, or in such a way as to bring the largest return; but simply to invite bids by published advertisements, and to open the bids as soon as possible and publicly, and let the funds to the highest bidder.

The only discretion defendant is invested with is to determine whether the bids are regular, and whether the bank whose bid is highest on the face of the papers would be a safe depositary in the sense of safely keeping and restoring the funds. The defendant has thus far, as a matter of fact, not yet exercised that discretion; but has gone out of

its way to determine a question it had nothing to do with, namely, whether there would be expense or danger to the funds in transmission to and from a distant bank. The law applicable to such a case is stated in 19 A. & E. E. 739, as follows:

"If, by reason of a mistaken view of the law, or otherwise, there has been in fact no actual and bona fide exercise of discretion, as, for instance, where the direction is made to turn upon the matters which under the law should not be exercised, mandamus will lie."

The only mandamus that would fit the case would be to compel defendant to pass upon the bids, on the face of the papers, and upon the reliability of the highest bidder, in the sense of safely keeping and restoring the funds. Such a mandamus is not asked for, and, doubtless, would not be needed.

In the meantime, however, the defendant board, until it has pronounced upon the bids in the manner required by the statute, is without authority to proceed to let the contract; and the question arises whether plaintiff has any interest, or standing for enjoining it from doing so, which is the question raised by the first of the hereinabove stated defenses.

If all the bids are safe, or any of them is, the defendant is not allowed to reject them all and readvertise. The obligation imposed by the statute upon defendant to let the contract to the highest safe bidder is, therefore, absolute; and, this being so, the advertisement which is made in pursuance of the statute constitutes a flat offer on the part of the defendant to enter into a contract for the funds with the highest safe bidder, and the bid in response to the advertisement is an acceptance of that offer. Hence the advertisement and the bid together constitute an agreement to enter into a contract for the funds. This agreement is subject, it is true, to the condition that the defendant find the bidder safe; but that condition is not wholly protestative on the part of defendant, and, in consequence, does not

have the effect of depriving the agreement of its binding effect upon defendant. The reason why it is not wholly protestative is that the discretion vested in defendant to pass upon the safety of the bidder is to be exercised in good faith and upon consideration of the facts, and not arbitrarily or capriciously. If exercised in good faith, the courts will doubtless not interfere to control it; but, in the contrary case, they will. Gunning v. City, 45 La. Ann. 915, 13 South. 182; Galle, State ex rel., v. City of New Orleans, 113 La. 371, 36 South. 999, 67 L. R. A. 70; City of New Orleans v. Smythe, 116 La. 687, 41 South. 33, 6 L. R. A. (N. S.) 722, 114 Am. St. Rep. 566. There being a binding agreement, the highest bidder has a right of action.

Generally, in cases of this kind, a bid does not give rise to contractual relations. Page on Contracts, vol. 1, p. 40. But that is because the advertisement is generally a mere invitation to bid, with right reserved, expressly or impliedly, to reject at pleasure any or all of the bids. Such a right does not exist under the statute governing the instant case, which, as already stated, imposes upon the defendant the unqualified obligation to let the contract to the bank which is highest bidder, in response to the advertisement, and which at the same time is safe.

The reasoning that the bidder has no right of action because the statute is enacted in the interest of the public solely, and not at all in his, does not cover a case like the present, where the right of action is not sought to be derived from the statute, but from the agreement resulting from the bidder's acceptance of the offer contained in the advertisement. The statute does not, proprio vigore, confer a right of action upon the bidder; but its necessary operation is to bring about an agreement or contract which does create a right of action. For cases denying a right of action to the bidder, see Colorado Paving Co. v. Murphy, 78 Fed. 28, 23 C. C. A. 631,

37 L. R. A. 630, and cases there cited; contra, note to Anderson v. Board, 26 L. R. A. 707.

It is ordered, adjudged, and decreed that the judgment appealed from be affirmed in so far as it has denied a mandamus, and has denied an injunction against the letting of the contract in question to any one but plaintiff; and that it be set aside in so far as it has denied an injunction against the letting of the contract in question to any one except the highest bidder found to be a safe depositary in the sense indicated in this opinion; and, to the extent the said judgment is here set aside, the injunction herein is perpetuated. Defendant to pay all costs.

See dissenting opinion of BREAUX, C. J., 48 South. 150.