SARTAIN, Judge.
This action presents the question of whether the defendant, Bogalusa School Board, after soliciting sealed bids for a fiscal agent contract from several qualified banks, may select as the depository bank a bank other than the one submitting the lowest bid.
The trial judge ruled that the school board had the discretion to select a higher bidder, although the record did not indicate any reasonable grounds for rejecting the lower bidder, and that plaintiff had not proved an abuse of that discretion. The judge reasoned that, since the applicable statutes, L.R.S. 39:1211, et seq., do not expressly require a depositing authority to accept the lowest bid, this silence on the part of the legislature indicated an intent to vest the depositing authority with wide discretion in these matters. We cannot agree with this conclusion and reverse the trial court’s judgment dismissing plaintiff’s suit.
*764 Pursuant to the provisions of L.R.S. 39:1214, the school board invited bids for the fiscal agent contract for a two year term commencing July 1, 1971. The notice given to the various banks required that their sealed bids be submitted to the school board on May 10, 1971, and the notice also contained a list of specifications or factual questions which the bidders were required to answer in their bids. In addition, the school board reserved the right to reject any or all bids.
The list of specifications addressed to the bidders contained seven items. Two were concerned with the annual interest rate the bidder would pay on certificates of deposit, one was concerned with whether the bidder would make a service charge on school board checks and one required the bidder to state generally that all requirements of law, and specifically L.R.S. 39:1211 through 39:1235, would be met. The bids by plaintiff and intervenor on these items were the same. The other three items were concerned with loans to the school board and interest thereon. The intervenor bank stated that it was authorized to lend a maximum amount of $1,-500,000.00. The plaintiff bank stated that it was authorized to lend any amount that the school board was legally authorized to borrow. We see no difference here that would discredit plaintiff’s bid.
L.R.S. 39:1220(4) requires that the depository bank shall lend to the depositing authority an amount equal to 75% of the average deposit kept in the bank during the three months immediately preceding the loan application, at a rate not to exceed 6% per annum. However, in their bids both plaintiff and intervenor stated that no interest would be charged on loans up to that amount.
The remaining item in the specifications required the bidder to state the rate of interest it would charge on that portion of loans in excess of the amount specified by L.R.S. 39:1220(4). Plaintiff’s bid stated that no interest would be charged. Inter-venor’s bid stated that an annual rate of interest of 2% would be charged. This was the only significant difference between the two bids, but it is clear that plaintiff submitted the lower bid in this respect.
The school board took the bids under advisement and on May 12, 1971, plaintiff instituted this action asking for a temporary restraining order to be directed to the school board prohibiting it from awarding the fiscal agent contract to any bank other than plaintiff, on the basis of the latter’s low bid. The court issued the order and made it effective until the date set for an evidentiary hearing, June 18, 1971.
On June 16, 1971, the First State Bank and Trust Company filed its petition of intervention, alleging its interest in the outcome as an adverse bidder. Following the hearing and the submission of memoranda by the parties, the trial judge handed down written reasons for judgment, rejecting plaintiff’s demands, which reasons for judgment were filed in the record on June 28, 1971. However, no judgment was signed at that time. On July 30, 1971, the matter was reopened for the purpose of plaintiff’s introduction of a copy of the minutes of a school board meeting on July 1, 1971, at which meeting the board voted to award the fiscal agent contract to the intervenor bank. On the same day (July 30, 1971) the trial court signed judgment rejecting plaintiff’s demands and plaintiff perfected this appeal.
As noted above, we are faced with the question of whether the school board has the discretion to reject a patently lower bid of a qualified bank in favor of a higher bid, without some evidence or rational basis tending to support this decision. The trial judge based his findings on the fact that the applicable statutes do not contain the term “low bidder” and on the claimed right of the school board “to reject any or all bids”. Although the term “low bidder” does not appear in L.R.S. 39:1211 et seq., Section 1214 requires an invitation for bids and the school board specified the submis *765 sion of sealed bids. The only reasonable interpretation of this provision is that a fiscal agent contract should be awarded on the basis of competitive bidding by qualified depositories.
L.R.S. 39:1220 reads in part as follows:
“§ 1220. Selection of depositories
Local depositing authorities shall, except as otherwise provided in this Chapter, select as the depositories of their funds, a bank domiciled in the parish or municipality or congressional district of the depositing authority, subject to the following conditions:
(1) The depositing authority must allocate its funds to each qualifying bank within the area (according to a prescribed formula) .
‡ * % if; * »
(Emphasis ours)
In order to construe harmoniously Section 1214, which requires the solicitation of competitive bids, and Section 1220(1), which requires allocation of funds to each qualified bank in the area, we conclude that Section 1220(1) applies where more than one bank has submitted an identical low bid (see Op.Atty.Gen. 1956-1958, p. 18), where no bids have been submitted and the financial qualifications of the banks in the area are proved (see Section 1220(3), requiring that a sworn statement of financial condition shall accompany a bid), or where the deposits would exceed the capital stock, declared surplus and undivided profits of the low bidder (see Section 1220(2), prohibiting such excess deposits).
To conclude that the school board has the discretion to reject without cause a low bid in favor of a higher bid is to render Sections 1214 and 1220 meaningless. Furthermore, the mandate of Section 1220 that the depositing authority shall select a local bank that meets all requirements and qualifications imposed by law negates the school board’s claim that it has the power to reject any and all bids without cause, that is, without evidence of some disqualifying or disadvantageous factor. We have been referred to cases which hold that, where an agency reserves the right to reject any and all bids, and decides to do so and to abandon the project or readvertise for bids, the courts will not normally review this determination, as this indicates discretion vested in the agency. But we think a fair construction and application of this rule is consistent with the general policy of the law that favoritism is to be discouraged and competition is to be encouraged where private interests are vying for public contracts. Where the bids are rejected and the project abandoned, there is no favoritism shown and no bidder is prejudiced by the action, except, from a negative viewpoint, that the low bidder is not awarded the contract. Likewise, where the bids are rejected and the agency decides to readvertise, there is no apparent advantage given to one bidder. These situations differ in our opinion from the situation before us where the principle of competitive bidding has been patently violated by the school board under the guise of exercising a claimed measure of discretion.
We conclude that, since L.R.S. 39:-1220(1) requires allocation of funds to each qualified bank which submits an identical low bid, a fortiori, the school board is bound to accept the single lower competitive bid since the difference between the bids is clear and since there is no evidence of any disqualifying or disadvantageous factor.
For the above and foregoing reasons, the judgment appealed is reversed and this cause is remanded for the purpose of permitting the trial judge to issue a preliminary injunction in favor of plaintiff, Parish National Bank, and against defendant, Bogalusa School Board, prohibiting said defendant from using intervenor, First State Bank and Trust Company, as its fiscal agent or depository bank and to direct *766 the defendant to enter into a fiscal agency contract with the plaintiff in accordance with the specifications of the former and the bid of the latter. All costs of these proceedings as are permitted by law are assessed against the defendant.
Reversed and remanded.