PONDER, Judge.
This is a suit to have a fiscal agency contract declared null, and to have issued a writ of mandamus directing that plaintiff be awarded a portion of the contract. The trial court granted judgment in favor of the plaintiff.
Defendants claim the trial court committed the following errors:
1. Issuing a writ of mandamus even though the awarding of the contract was not purely ministerial in nature;
2. Holding that the bids by the two banks were identical; and
3. Failing to hold that a deficit of one-fourth per cent interest on certificates of deposit was a disqualifying factor for a bid.
We reverse and render.
The Bogalusa School Board advertised for bids on its fiscal agency contract, to be based on nine specifications. Washington Bank & Trust Company, Parish National Bank and a third bank entered bids. Parish National Bank was awarded the contract by the School Board, as having submitted the best bid.
The trial court found that the bids were legally identical, and issued the mandamus requiring the school board to award the contract to both banks.
A writ of mandamus will issue to compel performance of a ministerial duty required by law. LSA-C.C.P. Art. 3863. The Fiscal Agency law has not removed all discretion in the awarding of a fiscal agency contract. West Carroll National Bank of Oak Grove v. West Carroll Parish School Board, 136 So.2d 699 (La.App. 2nd Cir. 1961). A mandamus was issued however, when the school board had no discretion. Parish National Bank v. Bogalusa School Board, 256 So.2d 763 (La.App. 1st Cir. 1971) writ refused 260 La. 1120, 258 So.2d 375 (1972). To decide the propriety of the use of mandamus, we must first decide whether or not the bids were identical and the Board was without discretion.
Under Specification number three, Washington Bank and Trust Company offered, at negotiated interest and terms, to make loans for purchasing immovable property, for constructing capital improvements and for adding to capital improvements. Parish National Bank offered to make loans for these purposes at zero percent interest and for maximum legal terms. The bids were otherwise identical.
The court reasoned that some of the loans were covered by another specification and that the ones not covered were not properly included in a fiscal agency contract bid.
The statutes governing local depositories are contained in LSA-R.S. 39:1211-1235. Section 1214 requires written notices to each bank in the parish of the intention of the local depositing authority to select a fiscal agency. The notice “shall specify * * * the conditions and terms of the fiscal agency contract proposed;” and ask for bids “under the terms and conditions of the proposal.” LSA-R.S. 39:1220(4) requires that the local authority be allowed to borrow up to three-fourths of the average deposit at interest not over six per cent. Although other requirements are made by *1267 the applicable statutes, nowhere do we find any provision prohibiting terms and conditions in addition to those required. Such an intent could very easily have been expressed had it existed.
The court further reasoned that, since LSA-R.S. 39:554 limits the purposes for which school boards may incur debt and LSA-R.S. 47:1803 requires the approval of the State Bond and Tax Board, specifications as to loans regulated by these statutes could not be included in the bid. However, we believe neither of these statutes are so inconsistent with the provisions of the fiscal agency statutes as to prevent the inclusion of Specification three.
The interest rate charged on loans for purchasing immovable property and for capital improvements was of interest to the board, even though approval of the Bond Commission and of the electorate were needed to make such commitments. If such expenditures were approved by the'proper authority, the school board would have every need to know the interest rates to be charged. We think that Specification number three was properly included in the bid.
As a result, we conclude that the bids were not identical, either in fact or by operation of law. The School Board was correct in awarding the contract to Parish National Bank. It follows that the writ of mandamus was improperly issued.
Appellant contends that the oral offer by Parish National Bank to pay seven percent on certificates of deposit made the six and three-fourths oral offer of Washington Bank and Trust Company a disqualifying or disadvantageous factor. Parish National Bank v. Bogalusa School Board, supra. In view of our decision above, it is unnecessary to consider this point.
For the above reasons, the judgment of the trial court is reversed. The alternative writ of mandamus is hereby recalled and set aside, and the fiscal agency contract awarded by the City of Bogalusa School Board to Parish National Bank is declared valid. All costs are assessed to the plaintiff.
REVERSED AND RENDERED.