FORET, Judge.
This action was brought by the plaintiff, Bunkie Bank and Trust Company (Bunkie Bank), who seeks to annul a fiscal agency contract entered into between the Avoyelles Parish Police Jury, and the Central Louisiana Bank and Trust Company (CENLA). The fiscal agency contract between the two defendants had been entered into pursuant to advertisement by the Police Jury that it would receive sealed bids for its fiscal agency and depository bank for the period beginning January 1, 1977, to December 31, 1978. The Police Jury, in its advertisement for bids, did not ask for specific services nor did it give any information on its specific needs.
Only two bids were submitted, those bids being the plaintiff’s, Bunkie Bank and Trust Company, and defendant’s, Central Louisiana Bank and Trust Company. At a meeting of the Police Jury held on December 16, 1976, by a vote of 8 to 4 with 1 abstention, the Police Jury selected the bid of defendant, CENLA Bank. According to the stipulations of counsel for all parties, the jurors considered the fiscal bids about the same; however, they favored and voted for the CENLA Bank bid because it handled the food stamp program for the Police Jury in the past, and the safety and convenience of the CENLA Bank being in Marks-ville to administer that program, instead of one in Bunkie, some seventeen miles away.
*321 The trial court studied the two submitted bids and concluded that although, on the face of the bids, the Bunkie Bank bid appeared to be the best, when the bids were considered in the light of the Police Jury’s actual financial needs and on the history of the Police Jury’s financial needs, the Police Jury had not erred or abused its discretion in awarding the contract to the CENLA Bank.
The trial testimony indicates that the Bunkie Bank, bidding for this fiscal agency contract for the first time, utilized the prior year’s bid by the CENLA Bank in composing its bid for the present fiscal year. The Bunkie Bank included in its bid several different categories of certificates of deposit varying in both amounts and percentage interest rates, and the number of days until maturity. The CENLA Bank, however, failed to include in its bid most of the different categories offered by Bunkie Bank. Also, the Bunkie Bank had in its bid what is called a Golden Passbook Savings Account for deposits of $1,000 or more, whereas the CENLA Bank made no such offer in its bid. Apparently the main basis for the argument of Bunkie Bank is that its bid was the best bid and the highest bid because of these offerings of certificates of deposit and the Golden Passbook Savings Account.
The primary issue in the case is: What discretion and power does the Police Jury have, and secondly, did it properly exercise that discretion and stay within the scope of its powers.
The plaintiff cites the only two Louisiana cases dealing with this subject which our research revealed. The most important of these is the Parish National Bank v. Bogalusa School Board, 256 So.2d 763 (La.App. 1 Cir. 1971); writs denied 260 La. 1120, 258 So.2d 375 (La.1972). In the Bogalusa School Board case, the Court concluded that the local government concerned had no discretion to reject, without cause, a low bid in favor of a higher bid because to do so would render La.R.S. 39:1214 and 1220 meaningless. The overriding concern is the principle of competitive bidding. The Court held that since La.R.S. 39:1220(1) requires allocation of funds to each qualified bank which submits an identical low bid, a fortiori, the local governing body is bound to accept a single lower competitive bid if the difference between the bids is clear and if there is no evidence of any disqualifying or disadvantageous factor.
The parties stipulated that were the Police Jury members to testify before the court, they would testify that they considered the fiscal bids of the two banks approximately equal. Furthermore, they would testify that they favored and voted for the Central Louisiana Bank and Trust Company’s bid because it handled the food stamp program in the past, and the safety and convenience of the CENLA Bank, some three or four blocks away, instead of one in Bunkie, some seventeen miles away.
Plaintiff cites the case of State ex rel. Bank of Franklinton v. Louisiana State Board of Agriculture and Immigration, 122 La. 677, 48 So. 148 (La., 1909) in support of its contention that a distant bank could not be excluded by reason of any supposed or real danger resulting from its distance. The Supreme Court reasoned that if that were permitted, competition would be confined to local banks, or local banks would be given an advantage although the statute, in terms and in manifest spirit, extends competition to all chartered banks within the jurisdiction of the defendant, and places them all on a footing of perfect equality.
A problem in addition to transporting large sums of money over the distance to the Bunkie Bank is that the Bunkie Bank business hours are such that, unless changed, would require the depositing of these food stamps at a time when the bank is closed. Therefore, the food stamps would have to be deposited into a night depository. According to the testimony of the President of the Bunkie Bank (tr., pg. 154, 155), it appears that such funds as are deposited in a night depository must be verified by the bank employees, and until such time as they are verified, there may be a question as to upon whom the risk of loss would fall were there to be a discrepancy between the *322 amount said to be deposited and the amount verified by the bank employees in the morning.
The plaintiff’s assertion of the applicability of State ex rel. Bank of Franklinton, supra, and the evidence in the record of the importance of the geographical and safety factors involved, raises two questions. First, is Franklinton applicable, and second, were there any other factors actually considered by the Police Jury which were a rational basis for their choice?
Franklinton can be distinguished from the instant case. First, Franklinton dealt with a different statute, with different provisions. For example, in Franklin-ton, the statute required that the bank chosen be the one offering the highest rate of interest. In the instant case, there is no requirement that the bank selected be the one offering the highest rate of interest. The discretion of the local governing body is broader in the instant case than in State ex rel. Bank of Franklinton because the Police Jury is not limited to choosing the bank which offers the highest rate of interest as stated in the bid. Therefore, it may be proper for police juries to consider such factors as expenses which they, rather than the bidder, must incur in transmitting funds to and from the selected bank.
Assuming, arguendo, that State ex rel. Bank of Franklinton is applicable and thus that the Police Jury could not base its decision upon geographical and safety factors of transportation of funds alone, the question arises as to whether there were other factors actually considered by the Jury which constitute a rational basis or just cause for choosing the defendant CENLA Bank. If there were other factors which constituted a cause for disqualifying or considering one bid to be disadvantageous, then the Police Jury would have acted within its discretion.
Several different factors of the bids were considered at the trial. Among these were the availability of different categories of certificates of deposit offered by the plaintiff in its bid. A comparison of the two bids was made by the plaintiff, which indicates that in several of these categories the defendant, CENLA Bank, made no bids. This, the plaintiff states, is reason for holding plaintiff’s bid to be the lowest and/or best bid.
The interest rates and terms of the certificates of deposit as scheduled in the bid of the plaintiff indicate that were funds to be invested in these certificates, the interest rate would be better than if funds were deposited into passbook savings accounts. Therefore, it would appear at first blush that the bid of the plaintiff, offering certificates of deposits, is better than that of the defendant which did not offer as many different types of certificates of deposit. The defendant argues that, in reality, the bid of the plaintiff in offering more types of certificates of deposit was not any better than the bid of the defendant. The reason for the defendant’s argument is that the financial history of the parish Police Jury indicates that certificates of deposit would be a poor investment vehicle and that the passbook savings account has been, and would most probably continue to be, the prevalent investment for the Police Jury.
If the Police Jury, in its discretion, decides that the proper investment vehicle is a passbook savings account, then the offering in a bid of various types of other vehicles for investment would be of little actual significance. To allow a bidder to prevail over another bidder simply on the basis of providing different services, including investment vehicles and services which the Police Jury would not utilize, would severely restrict the Police Jury’s discretion in controlling its own finances.
Another possible basis for choosing the CENLA bid over that of the plaintiff is the varying terms of the passbook savings accounts. This argument is an inseparable part of the arguments relating to the certificates of deposit above. The defendant, CENLA Bank, pays interest on all funds from the first of the month which are deposited by the tenth of the month regardless of whether these funds are left on deposit for at least ninety days, providing that a minimum amount is left in the *323 account for at least ninety days. The plaintiff, Bunkie Bank, pays interest only on funds which are left for a total of at least ninety days. Apparently, the two banks interpret the banking regulations differently and this accounts for the differences. The president of the defendant bank and an officer of the defendant bank, Mr. Norman, so testified at the trial. Thus, it would appear that the CENLA Bank’s bid is advantageous in paying interest on funds which are not left on deposit for a total of ninety days in some circumstances. It should be noted that the plaintiff, in its appeal, does not refer the Court to any banking regulations which would not permit the defendant to so pay interest. Thus, the issue of whether the banking regulations do permit the payment of interest in these circumstances is not an issue before this Court.
Another argument raised by the plaintiff is that the Police Jury is without authority to deposit funds into a passbook savings account. The plaintiff cites La.R.S. 39:1271:
Any municipality, parish, school board, police jury, or other political subdivision of the state, may invest in United States bonds, treasury notes, or certificates, and time certificates of deposit of state banks organized under the laws of Louisiana and national banks having their principal office in the state of Louisiana, such monies in any general or special fund of the respective subdivision as might constitute a surplus, or the expenditure of which is deemed inadvisable by the subdivision at the time.
The interest earned on bonds, notes or certificates, or time certificates of deposit, so purchased shall be credited by the respective subdivision to the fund from which the bonds, notes or certificates or time certificates of deposit, were acquired, or it may be applied to the payment of the principal and interest of the outstanding bonded indebtedness of the respective subdivision.
Any law of the state of Louisiana which may appear to restrict, limit or condition the herein granted authority is hereby declared to be inapplicable to this section.
Amended by Acts 1968, No. 249, § 1.
This statute was amended in 1968 so as to authorize political subdivisions to invest in certificates of deposit. Prior to these amendments, the Attorney General, according to the plaintiff, had ruled that a political subdivision could not invest surplus funds in a savings account or certificate of deposit. (Op.Atty.Gen. 1944 — 46, P-721 and 1966, P-22).
The trial court held that the Police Jury is authorized to invest idle funds in passbook savings accounts. According to the court:
“The fact that the statute quoted says the Police Jury ‘may’ invest in certificates of deposit of state banks, does not mean that it is prohibited from investing in passbook savings accounts in state banks. . . . What the law does not prohibit, it allows.”
The defendant persuasively argues in its brief that the provisions of R.S. 39:1271 merely provide that a political body which has surplus funds which it desires to invest, may utilize the investment forms mentioned in the statute. The defendant argues that these laws do not prohibit a public body from keeping money in a savings account. Furthermore, the defendant contends that it would be absurd to declare that R.S. 39:1271 prohibits public bodies from temporarily keeping money in a savings account, not only because of the discretionary language in the statutory provisions, but also because it would require a political subdivision like the Avoyelles Parish Police Jury to either keep all of its money in checking accounts or to invest only in long term certificates of deposit. The former alternative would result in loss of interest, and the latter would unduly restrict the flow of the Jury’s money.
It may be reasonably concluded that had the legislature intended to prohibit the investment of surplus funds in passbook savings accounts, rather than stating that the political subdivision may invest in Unit *324 ed States bonds, Treasury notes, or certificates, and time certificates of deposit of state banks, it would have said “may only invest in United States bonds, . . . , etc.” This, the legislature has not done, and instead has used only discretionary language which merely permits one form of investment while making no reference to the prohibition of any other type of investment.
Another specification of error claimed by the plaintiff is that the trial court erred in considering payment of daily interest on passbook savings accounts by CENLA which was not provided for or contained in the sealed public bid. This argument appears without merit since although testimony was received on the computation basis for interest, namely being computed on a daily basis, it would appear that this testimony had no prejudicial effect as there were other provisions dealing with the passbook savings accounts by which the two banks could be distinguished.
The plaintiff also argues that the trial court erred in holding that the bids of both banks were not equal. Plaintiff argues this in the alternative. According to the plaintiff’s argument, the two bids are at least equal and, therefore, there must be an allocation of funds by the Police Jury to each bank according to the provisions of La.R.S. 39:1220(1). The plaintiff also relies upon the Bogalusa School Board case, supra, in arguing that an allocation must be made.
This argument is clearly without merit since La.R.S. 39:1220(1) requires an allocation of funds to each qualified bank only where more than one bank has submitted an identical low bid. In the instant case, the bids are not identical.
Plaintiff calls this Court’s attention to the fact that Bunkie Bank’s bid provided for a substantially lower rate of interest which the Police Jury would have to pay for money borrowed. However, the record reveals that in the past five years the Police Jury has borrowed only $45,000, and consequently it is obvious that this difference in the bids is insignificant considering the past borrowing practices of the Police Jury. Our able brother in the trial court recognized this fact when he opined that the bids were considered in light of the Police Jury’s actual financial needs, and on the history of the Police Jury’s financial needs. He correctly concluded that the Police Jury had not erred or abused its discretion in awarding its fiscal contract to the CENLA Bank.
For the foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against the plaintiff, Bunkie Bank and Trust Company.
AFFIRMED.
GUIDRY, J., dissents and assigns written reasons.