GUIDRY, Judge,
dissenting.
In this action Bunkie Bank & Trust Company (hereafter Bunkie Bank) seeks annulment of a fiscal agency contract entered into between the Avoyelles Parish Police Jury (hereafter Jury) and Central Louisiana Bank & Trust Co. (hereafter CENLA). Bunkie Bank asserts that the Police Jury abused its discretion in awarding the contract to CENLA because its bid was obviously better than that of CENLA. In the alternative, Bunkie Bank asserts that the bids were, at the very least equal, and the Jury should have, pursuant to the mandatory requirements of LSA-R.S. 39:1220(1), contracted with both qualifying banks allocating its funds to each in the ratio that the total capital, declared surplus and undivided profits of each bears to the total capital, declared surplus and undivided profits of all banks qualifying as fiscal agents in the area.
The trial court studied both bids and concluded that although, on the face of the bids, the Bunkie Bank bid appeared to be the best, the jury did not abuse its discretion in awarding the contract to CENLA because the (1) evidence showed that the calculation of interest by CENLA on passbook savings accounts was more advantageous than the method used by Bunkie *325 Bank for- calculation of interest on like accounts[1]; and, (2) convenience of location of CENLA and the fact that said bank had previously handled the Jury’s Food Stamp program warranted awarding the bid to CENLA.
The majority affirms the trial court judgment finding that geographical location is a factor which can be properly considered (they distinguish State ex rel. Bank of Franklinton v. Louisiana State Board of Agriculture and Immigration, 122 La. 677, 48 So. 148 (La.1909)); and, a Police Jury may deposit funds in passbook savings accounts and the method used by CENLA for calculation of interest on such accounts is more advantageous than that offered by Bunkie Bank. My esteemed brethren of the majority find that on the basis of the above showing the Jury did not abuse its discretion in awarding the fiscal agency contract to CENLA. I cannot agree with this conclusion for the following reasons.
The record indicates that the members of the Police Jury, in exercising their discretion to award the contract to CENLA, did not even consider that the interest calculation on savings accounts by CENLA was more advantageous. This circumstance was never considered by the Jury, rather the record indicates that all members of the Jury who voted to accept the CENLA bid considered both bids equal but awarded the contract to CENLA because of the convenience and security offered by the geographic location of CENLA and the fact that said bank had handled the Jury’s Food Stamp program in the past. In my opinion, neither of these circumstances should properly have been considered. In State ex rel. Bank of Franklinton, supra, our Supreme Court declared that a distant bank cannot be excluded solely by reason of any supposed or real danger resulting from its distance, a governmental body’s discretion being confined solely to a determination of which bank offers the best bid. In so deciding the Supreme Court reasoned that if geographical location was a circumstance to be considered this would frustrate the manifest spirit of the act by limiting competition to banks located within the municipality where is located the main office of the governmental unit. In my opinion this decision is still viable and it is good law. The majority distinguishes Franklinton finding that that case dealt with a different statute. In my opinion, this is not a valid distinction for the statute there considered, like LSA-R.S. 39:1211 et seq., permits bidding by each of the banks located in any parish which embraces all or any portion of the political subdivision in which the depositing authority is domiciled and for which it acts.
With regard to the Food Stamp program the fiscal agent has no function to perform other than to receive deposits of money derived by the Jury from the sale of food stamps. The record does not indicate that plaintiff could not do this just as well as CENLA. Here again the preference shown CENLA is based on geographic location. The jury members objected to transporting the large sums of money derived from the sale of food stamps a distance of 17 miles rather than several blocks. As set forth in Franklinton, supra, this is not a valid objection and should not have been considered.
Although the bid of both banks reflected that on passbook savings interest at the rate of 5% per annum is paid, at trial the Executive Vice-President of CENLA testified that his bank paid interest on such savings on a daily basis provided the deposit remained for a period of 30 days. On the other hand the record reflects that it is the policy of Bunkie Bank to pay interest on such accounts on a deposit left for a period of 90 days. The trial court held that this single factor was sufficient to warrant an award of the fiscal agency contract to CENLA. The majority affirms. I disagree for several reasons. First, the record clearly indicates that this factor was not even considered by the Jury in the exercise of its discretion to award the bid to CENLA. Secondly, the different methods used by the two banks for calculation of interest on passbook savings does not appear on the *326 face of the bid and it is not shown that the Jury was made aware of this difference until evidence to that effect was presented on trial, so this clearly could not have been a consideration by them in awarding the bid to CENLA. Thirdly, the same interest rate was offered by Bunkie Bank on a 30 day Certificate of Deposit, as reflected by the face of its bid. Fourthly, the Bunkie Bank bid offers many other varied investment features, not offered by CENLA, which are clearly more advantageous than that offered by CENLA. In my opinion, it was clearly wrong, in view of this bid comparison, for the trial court to seize upon this one allegedly more attractive proposal, which the Jury did not even consider, and which did not appear on the face of the bid, to affirm the award to CENLA.
A side issue to all of the above concerns whether the Police Jury is authorized to invest idle funds in passbook savings accounts. Plaintiff suggests no in view of LSA — R.S. 39:1271 and 33:2955 which grants authority to political subdivisions to invest idle funds in U.S. bonds, treasury notes, or certificates, and time certificates of deposit, no mention being made of savings accounts. The trial court held that passbook savings were not prohibited reasoning that what the law does not prohibit it allows. I would agree but for a different reason. In my view, the cited statutes refer to investment of idle funds other than deposits with the fiscal agent. A political subdivision is not required to invest all surplus funds with its fiscal agent. In my view, under R.S. 39:1211 et seq. a political subdivision can deposit funds with its fiscal agent in passbook savings so long as such political subdivision requires security for such deposits pursuant to the provisions of R.S. 39:1221. Once security is given as required by the latter statute there is no valid reason why a political subdivision could not deposit in passbook savings as well as checking accounts.
Having concluded that the Police Jury’s reliance on geographical convenience in awarding the bid to CENLA was unwarranted, (Parish National Bank v. Bogalusa School Board, 256 So.2d 763 (La.App. 1st Cir. 1971, writ refused), I would decide the instant case on a basis not considered by the trial judge or the majority. The bid of both Bunkie Bank and CENLA contains a provision (paragraph 12) wherein each agrees to match the terms offered by the other bank. I would consider that this provision in both bids renders the bids equal and identical (the Jury being at liberty to select the most advantageous features of either), which under the provisions of LSA-R.S. 39:1220 requires the depositing authority to allocate its funds to both banks pursuant to the formula therein set forth. (Washington Bank & Trust Co. v. City of Bogalusa School Board, 345 So.2d 1265 (1st Cir. 1977)). Accordingly, I would render judgment rescinding the fiscal agency contract and order the Jury to contract with both banks on the above basis.
For the above reasons I respectfully dissent.

. The record indicates that in the past the jury invested most idle funds in savings accounts.