No. 2472.—THE STATE, ex rel. JOHN B. HOWARD, v. S. N. BURBANK, Treasurer Metropolitan Police Board.

·One creditor can not gain a preference over another by applying for a writ of mandamus to compel an officer to pay a sum of money out of funds to be thereafter received by him.

If the record shows, as in this case, that the treasurer of the Metropolitan Police was willing to do what was demanded of him, the writ of mandamus was unnecessary and should not have been granted. The province of courts of justice is to decide on real issues, and not to be used as instruments to work injustice.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *J. B. Howard*, for relator, appellee. *E. Filleul*, for Board of Metropolitan Police, appellant.

LUDELING, C. J. The appellee moves to dismiss this appeal for reasons stated in his motion to dismiss the appeal in the case of the State, ex rel. Burbank, *v.* Antoine Dubuclet, State Treasurer, and the additional reasons, to wit:

"Because the writ of mandamus being an order issued in the name of the State, no citizen is authorized to intervene to thwart the execution of the will of the sovereign power.

"Because an appellant can not plead ignorance of the law; nor having neglected the plain and specific remedy which the law afforded and affords, seeks the benefit of one, which the law forbids, if appellant had any rights.

"Because the amount in dispute does not exceed five hundred dollars, the judgment having been executed so far as respondent had funds in possession, and respondent being now without funds exceeding one hundred dollars."

We recite the grounds stated in the motion, only to show the frivolous character of the motion, which is overruled.

On the nineteenth day of October, 1869, John B. Howard, agent, represented that he was the owner and holder of $100,000 of Metropolitan Police warrants; that S. N. Burbank, treasurer of the Metropolitan Police Board, has in his hands more than $200,000 for payment of said warrants, and that said Burbank refused to pay, although amicably requested to do so.

He prayed for a writ of mandamus against said Burbank, etc. An alternative writ was issued returnable on the twenty-first of October, 1869. On that day a supplemental petition was filed by Howard, agent, in which he alleges that "since the filing of this suit, relator is informed by defendant, and verily believes, that defendant has not in his possession the amount of $200,000 specified in plaintiff's original petition. Defendant is constructively in possession, as he alleges, of the sum of ($632,423 44) six hundred and thirty-two thousand four hundred and twenty-three dollars and forty-four cents, to the possession of which he is entitled as treasurer, the same being the amount to the credit of the Metropolitan Police Board, placed in the hands of

Antoine Dubuclet, State Treasurer, by the city of New Orleans, through the fiscal agent."

Defendant alleges that he has made amicable demand of said Dubuclet for $632,423 44, and has been refused. Relator prays for a writ to command Dubuclet, Treasurer, to deliver over to Burbank the sum aforesaid in lawful money of the United States, and that, on the receipt of this sum by Burbank, he be commanded to pay to petitioner $100,000. On this application is indorsed the following consent: "Defendant accepts service, waiving citation, and consents to the order herein prayed for."

The judge *a quo* ordered Burbank to pay to Howard, agent, $100,000 on receiving the $632,423 44 from Dubuclet, Treasurer.

On the same day the following judgment was rendered in the case, to wit:

"In this matter, the court considering the second and amended petition filed this day, and considering further the written waiver of citation and consent that the order prayed for be granted immediately, it is ordered that the foregoing judgment, this day rendered and signed, be amended to read as follows, to wit: It is ordered and adjudged that S. N. Burbank, treasurer of the Metropolitan Police Board, be commanded forthwith, on the presentation of the warrants mentioned in said amended petition, for the sum of five hundred and eighty thousand dollars, to pay to J. B. Howard the sum of five hundred and eighty thousand dollars, in lawful money of the United States, in lieu of said warrants, with costs of suit, or as much as may remain in his hands on account of the amount of the judgment, after deducting the judgments rendered in this court in the suits of the State, on the relation of Walter Pugh and of J. Davidson and J. D. Hill, *v.* the said Burbank, and other judgments on mandamus rendered prior to this day or on this day. Judgment rendered twenty-first October, 1869."

The proceedings in this case are extraordinary and anomalous. John B. Howard, agent, without naming his principal, asks for a writ of mandamus to compel an officer to perform an alleged ministerial duty. On the day fixed for the trial of the rule *nisi* the relator comes into court with an amended petition in which he avers that the defendant has not in his possession the sum of two hundred thousand dollars, as stated in his original petition, and to the truth whereof he had sworn; but that he is constructively in possession of a much larger amount, which is in the actual possession and under the control of the State Treasurer, and prays that Dubuclet, Treasurer, be ordered to pay the amount to Burbank and that Burbank be ordered to pay relator, when he receives the money. And, subsequently, during the same day, Howard increases his demand against Burbank from one hundred thousand dollars to five hundred and eighty-two thousand dollars.

And the treasurer, Burbank, complacently consents to the order, although it appears from the sworn statements of Howard, relator, that he, Burbank, had informed the relator, on the twenty-first October, 1869, that he did not have the money in his possession, although he thought he was entitled to its control and custody.

An inspection of the record in this case convinces us that the proceeding between Howard and Burbank was fictitious and collusive. "Courts of justice are to decide on real contest; they are never to be used as instruments to work injustice." 1 Mart., p. 91. The writ of mandamus in this case was not necessary, for the defendant was willing to do what was asked of him, but he had not the means until after he had received the money from the State Treasurer. And the law never contemplated that one creditor should get a preference over another by applying for a writ of mandamus to command an officer to pay a sum of money out of funds to be thereafter received by him. This is a degree of diligence not favored or countenanced by the law.

It is therefore ordered that the judgment of the district court be avoided and reversed, and that the application for the writ of mandamus be dismissed, with costs of both courts.