(103 So. 757)

No. 27031.

## STATE ex rel. DAY et al. v. RAPIDES PARISH SCHOOL BOARD.

(March 2, 1925. Rehearing Denied March 30, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Statutes ☞212—Relating to institutions which it is state's duty to protect, presumed constructive and not destructive.**

Statutes relating to institutions which it is state's duty to protect are presumed to be constructive and not destructive.

**2. Schools and school districts ☞162—Resolution of parish school board closing schools for year held premature, arbitrary, and unauthorized.**

Resolution of parish school board closing public schools for year 1925–26 because of impossibility of continuing them and at same time adjusting board's finances so as to be on fiscal year basis instead of calendar year basis, beginning July 1, 1928, *held* premature, arbitrary, and unauthorized by Act No. 100 of 1922, §§ 27, 32.

**3. Evidence ☞23(1) — Common knowledge that tendency of assessments in Louisiana is to fluctuate upwards.**

It is common knowledge that tendency of assessments in Louisiana is to fluctuate upwards.

**4. Mandamus ☞79—Lies to compel parish school board to keep open schools closed by arbitrary and premature resolution.**

Mandamus lies to compel parish school board to keep open public schools which by premature and arbitrary resolution adopted under mistaken view of Act No. 100 of 1922, § 32, board decided to close for school year.

**5. Schools and school districts ☞91—Statute requiring parish school boards to change from calendar year to fiscal year basis held constitutional.**

Act No. 100 of 1922, § 32, requiring parish school boards operating on calendar year basis to change to fiscal year basis beginning July 1, 1928, and to adjust finances so as to be out of debt by such date, is constitutional.

**6. Schools and school districts ☞91—Statute requiring parish school boards to change from calendar year to fiscal year basis held not repealed.**

Act No. 100 of 1922, § 32, requiring parish school boards operating on calendar year basis to change to fiscal year basis beginning July 1, 1928, and to adjust finances so as to be out of debt by such date, being a special law, was not repealed by Act No. 94 of 1924, § 2, providing for all appropriations on calendar year basis.

**7. Statutes ☞142, 162—Special statute not presumed repealed or amended by subsequent general statute on same subject.**

Lawmakers, having enacted special statute for particular case, will not be presumed to intend its repeal or amendment by subsequent enactment of general statute on same subject-matter.

On Application for Rehearing.

**8. Courts ☞208—Supreme Court of Louisiana does not render advisory opinions at request of other departments.**

Supreme Court of Louisiana does not render advisory opinions at request of other departments of government.

**9. Schools and school districts ☞162—Statute requiring parish school boards to change to fiscal year basis held not so mandatory as to require closing of schools for year.**

Act No. 100 of 1922, § 32, requiring parish school boards to adjust finances so as to be on fiscal year basis and out of debt beginning July 1, 1928, *held* not so mandatory as to require board to close schools for year session of 1925–26.

St. Paul, J., dissenting.

Appeal from Ninth Judicial District Court, Parish of Rapides; Leven L. Hooe, Judge.

Mandamus by the State, on the relation of Benjamin F. Day and others, against the Rapides Parish School Board. From a decree granting alternative writ, relators appeal. Writ made absolute.

White, Holloman & White, of Alexandria, for appellants.

Cleveland Dear, Dist. Atty., and Frank H. Peterman, Sp. Counsel, both of Alexandria, for appellee.

LAND, J. On October 2, 1924, the school board of Rapides parish adopted a resolution closing the public schools for the session beginning in September, 1925, and ending in May, 1926, in the following school districts in said parish: Lamourie school district No. 31, Lamourie school district No. 32, Cheneyville school district No. 21, Boyce school district No. 24, Pineville school district No. 28, and Rigolette school district No. 11.

The school board assigns in said resolution as the sole reason for its action the impossibility of the board, which had been operating on a calendar year basis, to continue the schools, and, at the same time, adjust its finances, so as to be on the fiscal year basis, beginning July 1, 1928, as required by Act 100 of the year 1922, and particularly by section 32 of said act.

A protest against the passage of the resolution ordering the schools discontinued for a year in said school districts was formally presented to said school board, by certain taxpayers and patrons residing in the respective school districts; but the prayer of the protestants for the immediate repeal of said resolution was rejected by said board. Thereupon the present suit was instituted to compel by mandamus the school board of said parish to open and conduct the public schools of said districts for the year September, 1925, to May, 1926.

Relators allege that the school board, in adopting the resolution closing the schools in said districts, acted upon a mistaken view of the law and that the action of said board was arbitrary, discriminatory, and unjust, and not a bona fide exercise of discretion.

Section 32 of Act 100 of 1922 provides that—

"The parish school boards that have been operating on a fiscal year basis shall continue operating on that basis and the parish school boards that have been operating on a calendar year basis *shall be permitted to continue to operate on a calendar year basis* but they shall be required to so adjust their finances that they shall be on the fiscal year basis *beginning July 1, 1928.* All parish school boards that are in debt for their expenditures for current expenses shall so adjust their finances that they will not be in debt for current expenses *by July 1, 1928.*

"The parish school board *shall have authority to borrow money to meet its budget of expenditures* as provided in section 27 of this act to secure said loans; the parish school board *shall have authority to pledge its revenues for the calendar year,* or fiscal year upon whichever basis it may be operating."

Section 27 of said act requires parish school boards, during the month of July of each year, to adopt a budget of revenues to accrue to said school board during the ensuing year, and, within 30 days thereafter, to adopt a budget of expenditures, not to exceed the budget of revenues. It is provided, however, in the second paragraph of section 32 of said act, that the parish school board may authorize loans "in excess of budget of probable revenues *in case of emergency,*" on a two-thirds vote of the entire membership of the board.

The language of section 32 of said act is pregnant with the intention of the Legislature that the public schools of this state *shall continue to operate,* prior to July 1, 1928, notwithstanding the contemplated adjustment of their finances from a calendar to a fiscal year basis.

[1] We cannot assume that legislation, impossible in its enforcement, without disaster to the public school system of the state, has been adopted. Laws are presumed to be constructive and not destructive, when relating to the institutions, which it is the duty of the state to protect.

[2] Indeed, the intention of the Legislature that the public schools should remain open to the educable children of the state each year is emphasized by the fact that it is provided in section 32 of said act that the schools shall not be closed even "in case of emergency," but that, in such event, the

parish school board may authorize loans in excess of its budget of probable revenues.

It is therefore clear that neither the state board of education nor the state Legislature intended any sudden and drastic action by parish school boards that might eventuate in the closing of the public schools for an entire year, prior to July 1, 1928, as the result of the enforcement of the provisions of the act of 1922.

It is evident, then, that no such arbitrary discretion was vested by section 32 of said act in respondent board.

We are dealing here with new and experimental legislation. Public education is a state institution, fostered by the state, and for which the state is required by the Constitution to provide. The state government and all of its institutions are supported by appropriations made upon the calendar year basis. At present, the public schools operate upon such basis, and are expressly permitted to do so by section 32 of Act 100 of 1922, prior to July 1, 1928, when the adjustment is to be made to a fiscal year basis. Both the educational and legislative bodies of the state were well aware, at the date of the passage of said act, that numerous school districts were in debt, and had exhausted the constitutional limitation of special taxation for additional support of public schools. This stringent situation was fully recognized at the time, and an attempt was made to guard against any forced liquidation by parish school boards of their outstanding indebtedness for current expenses, by providing a period of six years for its accomplishment, with three Legislatures intervening between July 1, 1922, and July 1, 1928, to grant necessary relief to the public schools of the state, if this first experiment in conducting a public institution of the state upon a fiscal year basis should prove to be abortive.

The supposition, therefore, that the school districts in this case, after the exhaustion of their constitutional limitation for special taxation, may not be able to change from a calendar to a fiscal year basis by July 1, 1928, cannot be pleaded successfully by respondent board as a justification for closing the public schools in said districts for a whole year. This was a condition evidently anticipated by the Legislature, but, instead of vesting in parish school boards the authority to discontinue the public schools, entirely on this account, the express declaration is made in section 32 of said act that "parish school boards that have been operating on a calendar year basis *shall be permitted to continue to operate on a calendar year basis.*"

An eventual reformation in the financial system of the public schools was intended by the act, if possible of accomplishment within the period of six pears. The sole purpose of section 32 in said act was to change the mode of operation of the public schools from a credit to a cash basis, and thereby save, for the benefit of public education, the interest expended on loans made on the revenues of the calendar year.

While retrenchment and economy were expected in order to attain this end, and the gradual reduction of the school indebtedness was intended during the period of six years from July 1, 1922, to July 1, 1928, no such radical action as closing the public schools in any district for an entire year is contemplated under the act.

The president of respondent board testifies that if the public schools of Rapides parish are allowed to remain on a calendar year basis, all of the public schools in said parish can be kept open for a full term of nine months each year.

Section 32 of the act of 1922 expressly permits the parish school boards to continue to operate on a calendar year basis prior to the change to a fiscal year basis, to be effected July 1, 1928.

The districts in which these schools have

been closed are the debtors in this case. They have been granted by section 32 of said act a fixed term or respite of six years from July 1, 1922, to July 1, 1928, within which to liquidate their indebtedness. Only two years of this term had expired when respondent board passed its resolution closing the schools in these districts. The action of the board was premature and unauthorized, as it is not within the power of the board to curtail the statutory delay of six years granted to these districts for the adjustment of their finances. The resolution of respondent board was based upon the fact that the assessments in Rapides parish had declined in 1924 six millions of dollars since 1921. It is admitted by the president of said board that had the assessments remained intact, the special taxes of said districts, together with the three-mill parish tax, would have produced sufficient revenues to enable the board to comply with section 32 of Act 100 of 1922. Neither this court nor the respondent board can reasonably assume that the assessment of property in Rapides parish in 1924 will remain the same in the years 1925, 1926, 1927, and 1928.

[3] It is true that values and assessments fluctuate. But it is a matter of common knowledge that the tendency of assessments in this state is to fluctuate upwards. The parish of Rapides may not only reach the high assessment mark in 1921, but may exceed it before the year 1928.

[4] The school districts in that parish are entitled, at all events, to the delay granted them by the statute, and may yet be able to adjust their finances by July 1, 1928, according to the requirements of section 32 of said act. The closing of the public schools in the various school districts of Rapides parish by respondent board is based, therefore, upon a wrong interpretation of section 32 of Act 100 of 1922, is unauthorized, and is arbitrary action upon the part of said board, by reason of a mistaken view of the law. Manda-

158 LA.—9

mus will lie in such a case. State v. Louisiana State Board of Agriculture, 122 La. 677, 48 So. 148; State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 So. 999, 67 L. R. A. 70, 2 Ann. Cas. 92.

[5, 6] We find nothing in section 32 of Act 100 of 1922 in conflict with any provision in the Constitution of the state, as contended by relators. Nor has said section, a special law, been repealed by section 2 of Act 94 of 1924, the General Appropriation Bill, a general law, providing for all appropriations on a calendar year basis.

[7] "The lawmakers, having enacted a special statute for a particular case, will not be presumed to intend its repeal or amendment by the subsequent enactment of a general statute on the same subject-matter." Telephone Co. v. Morgan La. & T. R. & S. S. Co., 112 La. 287, 36 So. 352. See, also, Hayes v. Morgan La. & T. R. & S. S. Co., 117 La. 593, 42 So. 150.

It is therefore ordered that the Rapides parish school board rescind the resolution adopted by said board October 2, 1924, closing all of the public schools named in said resolution for the session beginning in September, 1925, and ending in May, 1926.

It is further ordered that the alternative writ of mandamus issued herein be made absolute, and that respondent board, through its president, James W. Bolton, and its members, take the necessary steps under Act 100 of 1922 to conduct all of the public schools in the districts named in said resolution, and that all of said public schools be opened and conducted by respondent board for the session beginning in September, 1925, and ending in May, 1926, upon a calendar year basis.

O'NIELL, C. J., concurs in the result.

ST. PAUL, J. (dissenting). The law is quite clear that on July 1, 1928, all school boards *must* go on a fiscal year basis; and

it seems equally clear (to my mind) that the discretion, as also the responsibility, for the method in which this change is to be effected, lies with the several school boards and not with this court.

The defendant school board has not abused that discretion in this instance. For the evidence satisfies me that, if continued on the present basis, the *whole* public school system of Rapides parish will inevitably break down on July 1, 1928, unless the law as it now stands be wholly disregarded; and that the school board acted wisely in closing a few schools in order to save the rest. Certainly the school board might have adopted the Micawber-like policy now forced upon it by this court, in the hope that "something may turn up" by way of new legislation or what not; but the wisdom of such a policy is doubtful, and personally I would not assume the responsibility of adopting that course even if the authority were mine.

I therefore dissent.

### On Application for Rehearing.

PER CURIAM. The relators have asked for a rehearing, saying that they desire merely to have our decree amended so as to declare that section 32 of Act 100 of 1922 is not mandatory but only directory in so far as it says that "the parish school boards that have been operating on a calendar year basis * * * shall be required to so adjust their finances that they shall be on the fiscal year basis beginning July 1, 1928." Relators say that they are satisfied with our decree for the time being, but fear that the school board may resolve again to close the schools before 1928.

[8, 9] In some states the court of last resort renders advisory opinions at the request of other departments of the government, but not in this state. The question that was presented for decision in this case was whether a school board that was operating on a calendar year basis was warranted in closing the public schools in six school districts for a whole session beginning in September, 1925, and ending in May, 1926, without making any provision for the education of the children in those districts, as a means of adjusting the board's finances so as to be on the fiscal year basis on July 1, 1928, in obedience to section 32 of the Act 100 of 1922. Our answer was that the board was not warranted in taking such drastic action in contemplation of the change to be made on July 1, 1928. We do not know what the consequence will be if the board cannot otherwise adjust its finances so as to be on the fiscal year basis on the 1st of July, 1928. The Legislature did not intend that a grave injustice and irreparable injury should be done to the children of any school district, as a means of adjusting the school board's finances so as to change from the calendar year basis to the fiscal year basis on the 1st of July, 1928. Section 32 of the statute is not that mandatory.

With this explanation, the rehearing is denied.

ST. PAUL, J., adheres to his dissenting opinion.