### (114 So. 634)

### No. 28503.

### STRAUB v. HEALY, Chief of Police, et al.

#### Oct. 31, 1927.

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⫸781(4)—Lessee's appeal from judgment refusing to enjoin interference with leased premises held dismissible, where lessee had been dispossessed after he had started suit.

Appeal of lessee from judgment which denied injunction against interference of chief of police and police department in conduct of restaurant by him on leased premises *held* dismissible, where lessee had been dispossessed after he had started suit and no longer had right to conduct any business in leased premises.

2. **Action** ⫸6—Litigant without assertible, substantial, existing right has no standing in court.

Where a litigant has no assertible, substantial, existing right, he has no standing in court.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Suit for injunction by Martin J. Straub against Thomas Healy, Chief of Police, and others. From a judgment in favor of defendants, plaintiff takes a devolutive appeal. On motion to dismiss the appeal. Appeal dismissed.

Theo. Cotonio, of New Orleans, for appellant.

Bertrand I. Cahn, City Atty., of New Orleans, for appellees.

BRUNOT, J. [1] Plaintiff leased certain premises at the corner of Adams avenue and Catina street, in the city of New Orleans, in which he operated a restaurant. The chief of police closed his place of business on December 29, 1926. He instituted proper proceedings in the civil district court and obtained a temporary restraining order and a rule upon the chief of police to show cause, on a day therein fixed, why a preliminary injunction should not issue as prayed for in his petition. The respondent in rule filed a return thereto; the rule was tried; and judgment was rendered thereon discharging the rule, recalling the restraining order, and reserving to the plaintiff the right to sue for damages. A suspensive appeal from this judgment was denied, and plaintiff applied to this court for writs of certiorari and mandamus, to compel the granting thereof. The application for certiorari and mandamus was refused and, thereafter, plaintiff obtained an order and perfected a devolutive appeal to this court.

Respondent filed a motion to dismiss the appeal. The motion was argued orally, briefs were filed, and the motion to dismiss is now submitted.

The motion to dismiss, together with the exhibits attached thereto, shows that on February 4, 1927, the owner and lessor of the property sued the plaintiff for rent and provisionally seized all property and effects found in the leased premises. After the seizure was levied, all property and effects, under seizure, which were subject to the lessor's lien and privilege, were, by agreement of both parties to that suit, sold at public auction, under an order of court, and plaintiff was dispossessed of the premises. About one month thereafter the appeal herein was lodged in this court.

The purpose of appellant's suit was to enjoin the chief of police and the police department of the city of New Orleans from interfering with him in the conduct of a restaurant in the leased premises of which he has now been dispossessed for more than eight months, and, as he no longer has the right to

·conduct a business of any kind therein, this appeal presents only a moot question and it should be dismissed.

[2] It is a well-established principle of law that a litigant without an assertible, substantial, existing right has no standing in court. In the case of State ex rel. Armand Romain v. Board of Supervisors of Election, 49 La. Ann. 578, 21 So. 731, this court said:

"The judiciary is silent until the presentation of some real right in conflict opens its lips."

In the matter of In re Interdiction of Lambert, 115 La. 85, 38 So. 903, the court said:

"The sole matter involved being as to whether the court should homologate the proceedings of a family meeting held for the purpose of recommending some person for appointment as curator, and the death of the interdict having put an end to the controversy, this appeal is dismissed."

In re Jones, 117 La. 106, 41 So. 431, is to the same effect. The following cases also have application: State v. Goff, 135 La. 335, 65 So. 481; Moniotte v. Bouanchaud, 139 La. 445, 71 So. 735; Kelly et al. v. Millsaps, 139 La. 547, 71 So. 844.

When appellant's property was seized and sold, and he was dispossessed of the leased premises, his pre-existing right of action was thereby extinguished and likewise his right of appeal. For these reasons the appeal herein is dismissed.