84 So.2d 597

STATE of Louisiana

v.

BOARD OF SUPERVISORS, LOUISIANA STATE UNIVERSITY & AGRICULTURAL & MECHANICAL COLLEGE.

No. 42399.

Dec. 12, 1955.

---

Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., Joel B. Dickinson, Asst. Atty. Gen., for plaintiff-appellee.

McCALEB, Justice.

The Commissioner of Agriculture and Immigration and the Attorney General instituted this proceeding under R.S. 13:4231–4246 for a judgment declaring Act 230 of 1954 constitutional.

The named defendant is the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, which is authorized and directed by Act 230 of 1954 to construct, furnish and equip additional buildings on the University campus at Baton Rouge for the purpose of providing facilities to the State Chemist for performance of the duties and responsibilities imposed upon him by R.S. 3:1024, 1025, 1312, 1892 and Act 501 of 1952 and also to provide housing for the State Seed Laboratory. To enable the Board of Supervisors to erect the necessary building, Act 230 of 1954 empowers and directs it to issue and sell bonds in an amount not to exceed the sum of $850,000, payment of which is to be secured by certain funds collected by the Commissioner of Agriculture and Immigration under R.S. 3:1317, 1897 and Act 501 of 1952, as amended.

It is alleged by the proponents of the litigation that a justiciable controversy has arisen anent the constitutionality of Act 230 of 1954, specifically as to whether the funds pledged for the payment of bonds to be issued by the Board of Supervisors of Louisiana State University are derived from charges imposed under the police power of the State, or whether they are licenses assessed and collected under the power of taxation.

The Board of Supervisors states in its answer that it is willing to perform the duties exacted of it by the statute but asserts that the bonds and obligations which it is directed to issue and sell are not merchantable because Act 230 of 1954 offends Section 18 of Article 19 of the Constitution of 1921, which declares that the police power of the State shall never be abridged.

Taking the position that the funds which are to secure the payment of the bonds are authorized to be collected under the police power, the Board declares that the pledging of any such funds will effectually trammel the State in the exercise of this power.

In the district court, it was decreed that Act 230 of 1954 is constitutional, the judge being of the opinion that the funds pledged for the payment of the bonds to be issued are derived from the exercise of the State's power of taxation. The Board of Supervisors have appealed.

At the outset, we direct our attention, sua sponte, to the question of the jurisdiction of the district court to entertain this proceeding. Although the litigants profess that this is a justiciable controversy, it is patent on the face of the pleadings that the parties are not really seeking the declaration of a right but rather an advisory opinion that Act 230 of 1954 is constitutional.[1]

Ever since 1810, it has been fundamental in the law of Louisiana that courts sit to administer justice in actual cases and that they do not and will not act on feigned ones, even with consent of the parties. See Livingston v. D'Orgenoy, D.C., 108 F. 469, also reported in 1 Mart.,O.S.,

87. This principle has been strictly adhered to throughout the years[2] and, in reality, is determinative of the matter of the jurisdiction of our courts, original and appellate, as defined by Sections 35, 29 and 10 of Article 7 of the Constitution.

Section 35 of Article 7 of the Constitution vests the district courts throughout the State with original jurisdiction in all civil matters " * * * regardless of the amount in dispute * * *". Thus, in order for the court to become seized of jurisdiction in the first instance, there must be a dispute or controversy over some matter or right in which the opposing parties have an interest. For one to sue, his interest must be real and actual, Article 15, Code of Practice, and a controversy between the suitor and the defendant must exist.

The Uniform Declaratory Judgments Act, R.S. 13:4231 et seq., has not had the magical effect of changing the above stated basic tenets. In truth, to construe the statute as extending jurisdiction to the courts to validate legislative action, or otherwise render advisory opinions, would effect an unconstitutional enlargement of the grant of judicial power which

---

1. Indeed, counsel for the Board of Supervisors of Louisiana State University, with commendable frankness, admitted during the oral presentation of the case that the litigation was of a friendly nature, instituted solely for the purpose of satisfying bond attorneys who pose questions of constitutionality and evidently

demand validation of all bond legislation by the court of last resort before approving State or Municipal bond issues.

2. State ex rel. Howard v. Burbank, 1870, 22 La.Ann. 298, and Duffy v. City of New Orleans, 1896, 49 La.Ann. 114, 21 So. 179.

is restricted to real controversies. State ex rel. Day v. Rapides Parish School Board, 158 La. 251, 103 So. 757; Graham v. Jones, 198 La. 507, 3 So.2d 761 and State ex rel. Bussie v. Fant, 216 La. 58, 43 So.2d 217.

■ In our recent decision in Burton v. Lester, 227 La. 347, 79 So.2d 333, we pointed out the significant difference between our procedural system and those employed in other States, resolving that the construction of the Declaratory Judgments Act should be consistent with the distinct background found in our jurisprudence which is predicated upon the provisions of the Code of Practice. Under this jurisprudence, it is settled that courts of Louisiana are without power to render judgments over moot and abstract propositions [3] and that a liti-

gant not asserting a substantial existing legal right is without standing in court.[4]

■ The Uniform Declaratory Judgments Act is merely a procedural device by which the courts may make a declaratory finding pursuant to the provisions of R.S. 13:4231. But, in order for an action to be entertained under the Act, it must be based on an actual controversy [5] and, even when such a case is presented, the grant or refusal of declaratory relief is purely a matter of judicial discretion. Burton v. Lester, supra.

■■ In the matter at hand, it is perfectly plain that neither the Attorney General [6] nor the Commissioner of Agriculture and Immigration [7] have any interest or right to have a State statute declared con-

3. Jung v. Gwin, 174 La. 111, 139 So. 774, certiorari denied 286 U.S. 561, 52 S.Ct. 644, 76 L.Ed. 1294.
4. Straub v. Healy, 164 La. 733, 114 So. 634.
5. In a very recent case on this subject, Tugwell v. Members of the Board of Highways and the Department of Highways, 228 La. 662, 83 So.2d 893, it was stated on rehearing: "In order for courts to entertain an action for declaratory relief, however, it is well settled in other jurisdictions that there must be a justiciable controversy, and the question presented for judicial decision must be real and not theoretical, as courts do not give advisory opinions upon abstract questions. Therefore a declaratory action generally cannot be maintained unless it involves some specific adversary question or controversy asserted by interested parties and based on an existing state of facts, and a declaration of rights must be refused if the issue presented

to the court is academic, theoretical, or based upon a contingency which may or may not arise."
6. Under Section 56 of Article 7 of the Constitution, the Attorney General is given power to institute proceedings for and on behalf of the State for the assertion or protection of the rights of the State. This suit, obviously, is not concordant with that purpose.
7. The Commissioner of Agriculture and Immigration, whose duties and powers are prescribed by the Legislature, R.S. 3:1 to 3:12, under constitutional mandate, Section 13 of Article 6 of the Constitution, is an administrative officer and, insofar as Act 230 of 1954 is concerned, is charged merely with the duty of collecting the fees or assessments which are to be pledged as security for the payment of the bonds to be issued under that statute. Other than this, the statute has no effect whatever on the duties imposed on him by law.

stitutional. Since all Acts of the Legislature are constitutional until declared otherwise in proceedings brought contradictorily between interested persons, it is evident that the object sought in the petition of these officers, whose duty it is to uphold the laws as written, is moot and they are without right or interest in instituting litigation to test the constitutionality of Act 230 of 1954, or any other statute. Such a suit carries an affirmative pregnant and invites an attack upon the validity of the statute.

Nor does defendant's plea of unconstitutionality create a controversy between it and the plaintiffs when none actually exists. The Board of Supervisors states in its answer that it is willing to perform the duties imposed upon it by Act 230 of 1954 but it claims that, if it issues the bonds, they will not be merchantable because it is of the opinion that the Act is unconstitutional. The unmerchantability of the bonds might be a good defense to a mandamus proceeding taken to compel the Board to sell the bonds had it issued them and found them to be unsaleable. But the Board has no right to refuse compliance with the mandate of the law because it entertains doubt as to its validity when it is not adversely affected by its provisions and is charged merely with ministerial duties. i. e., the issuance of the bonds directed by the statute. In such circumstances, it is without interest to question the constitutionality of the Act. See Dore v. Tug-well, 228 La. 807, 84 So.2d 199, decided on November 7, 1955 and cases there cited.

Being of the opinion that the case does not present a justiciable controversy and that the district court was without jurisdiction thereof, the declaratory judgment appealed from is annulled and set aside and the proceeding is dismissed.