ELLIS, Judge.
Plaintiffs, on April 20, 1960, filed this suit which is self-styled at the beginning of their petition, “Suit for Declaratory Judgment Relief Under L.R.S. 13:4231 et seq. And Other Relief.” Plaintiffs’ suit insofar as it seeks a declaratory judgment was controlled at the date of its filing by the provisions of LSA-R.S. 13:4231-4246 which provisions were repealed by the adoption of the Code of Civil Procedure, which became effective January 1st, 1961, and the cited provisions were re-enacted in Articles 1871 to 1883, inclusive, of the LSA-Code of Civil Procedure.
However, in order to fully understand the nature of plaintiffs’ suit and the issues made therein we take the liberty of quoting the pertinent allegations of the original petition and the prayer therefrom as follows :
“1. That on information and belief, defendant LOUISIANA STATE DEPARTMENT OR BOARD, OF HIGHWAYS has finalized plans re-routing of the Interstate Highway System through Baton Rouge — has published, or caused to be published maps and other documents showing that properties of petitioners will be required for construction — has, either directly or through agents acting in its behalf, invaded the properties of petitioners and made borings for soil tests, pertaining to the Interstate Route.
“2. That petitioners, as owners in in-división of real properties in the Interstate Route,' face in reality the situation where the defendant LOUISIANA STATE DEPARTMENT, OR BOARD, OF HIGHWAYS, is in the process of making arrangements to divest petitioners of their properties, through force of expropriation proceedings, if necessary.
“3. That petitioners are entitled to the cherished and formidable rights, guarantees, and limitations afforded by the Constitution of the State of Louisiana — among which are the rights and limitations, unlimited and unqualified, that:
“ ‘ * * * Nor shall vested rights be divested, unless for purposes of public utility, and for just and adequate compensation previously paid.’ (Italics ours.) Art. IV, Sec. 15,
and
“ ‘ * * * No function shall ever be attached to any court of record, or to the judges thereof, except such as are judicial.’ (Italics ours.) Art. VII Sec. 3.
“4. That petitioners are also entitled to other cherished rights and guarantees, unlimited through qualified, that:
“ * * * ‘Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.’ (Italics ours.) Art. I, Sec. 2.
* * No one of these departments, (Legislative, executive, and judicial), nor any person or collection of persons holding office in one of them, shall exercise power *450 properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted/ () supplied. * * * Art. II, Sec. 2 together with other Constitutional guarantees.
“5. That petitioners are entitled to an adjudication before an independent Constitutionally-empowered Judiciary having unlimited and exclusive original jurisdiction (ART. VII Sec. 35) where no function could ever be attached to any co'urt of judges thereof, except such as are judicial (ART. VII Sec. 3) under the important limitation on legislative activity that no legislature can authorize the divesting of rights, unless for purposes of public utility, and for just and adequate compensation previously paid (ART. IV Sec. 15) — and under the companion guarantee that private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid (ART. I, Sec. 2).
******
"8. In amplification of the foregoing, petitioners show it is mandatory by the terms of ART XXI Sec. 1, that:
“ 'Amendments which have been adopted shall be numbered consecutively, and shall, where possible, refer to the numbers of the articles and sections which have been amended .’
That since this Amendment employs language in reference to amendments which 'have been RATIFIED’ (Art. XXI Sec. 2) by the electorate, it is without question that the phrase ‘Amendments which have been adopted’ means adopted by the legislature. —in the same sense the term is employed in ART III Sections 18, 24, 39 ' [subd.] la. and 44. Further, the mandatory requiprements that the electorate be notified of the specific Amendment, or Amendments, submitted for ratification, is reinforced by another provision:
“ ‘ * * * When more than one amendment shall be submitted at the same election, they shall be so submitted as to enable the electors to vote on each amendment separately. ART XXI, Sec. 1.’
“9. That the defendant Department of Highways should have disclosed to the Supreme Court that ART. XXI Sec. 1 had not been complied with, at the time Act No. 548 of 1948 was submitted to the electorate for ratification, insofar as this provision (ART. VI Sec. 19.1) was intended either to amend ART’S. IV or VII, or qualify ART’S I or II. That instead, the title of Act No. 548 of 1948 showed its limitation solely and only to ART. VI, and solely and only for purposes of highway expropriation' — and that on this extremely limited basis, the electorate was requrested to ratify the provision.
“10. That neither did the defendant Department of Highways direct the attention of the Supreme Court to the fact that key words in Act No. 548 of 1948 and Act 326 of 1948 (ART. VI Sec. 19.1 and LRS 19:-51) were identical and that both having been adopted by the sarnie legislature, and pertaining to the same subject, showed interrelation and identity of purpose.
“11. That the defendant Department of Highways has utilized the destructive interpretation in State [Through Dept. of Highways] v. Macaluso [235 La. 1019, 106 So.2d 455] extensively in divesting owners of their property rights, under Act 107 of 1954 (LRS 48:441), and that if this decision or the Act as interpreted therein, be allowed to stand, not only will petitioners suffer irreparable injury, but Constitutional Process, and more particularly the Constitutional-empowerment of our state jrtdiciary will be endangered.
* * * * * *
“* * * WHEREFORE YOUR PETITIONERS PRAY; That the defendant be duly served and cited to answer the foregoing complaint. (2) that after all due proceedings had, there be judgment in favor of petitioners and against defendants, decreeing Act 107 of 1954 (LRS 48:441 et seq) as interpreted in State [Through Dept. *451 of Highways] v. Macaluso unconstitutional, and that a hearing and adjudication be made by the District Court en banc. (3) That petitioners have the benefit of any and all injunctive relief necessary, in protection of their rights, enjoining the defendant LOUISIANA STATE DEPARTMENT OR BOARD OF HIGHWAYS, and all of their agents and officers acting in their behalf, from depriving petitioners of any of their constitutional rights under ART’S. I, II, IV, and VII, until such time as the electorate of Louisiana, in accordance with ART. XXI, ratifies amendment and/or revision of these inherent rights. (4) That the Court retain jurisdiction for any and all other supplemental relief necessary under LRS 13:4238. (5) That petitioners have the benefit of LRS 13:3741 et seq, and of all rules, motions, and further proceedings necessary. (6) and for any and all further relief necessary.”
On May 9,1960 plaintiffs filed an amended and supplemental petition consisting of one article and further modifications of the prayer of the original petition, as follows:
“That petitioners are desirous of amending and supplementing the original petition filed herein, by adding thereto another Article designated as 12A, and further modifying the Prayer of the Original petition as follows:
“12A. In the alternative that This court decides it must follow the interpretation given in State [Through Dept, of Highways] v. Macaluso to Act No. 548 of 1948, viz: That ART. VI Sec. 19.1 conflicts with ART’S I, II, IV and VII, then in that alternative petitioners allege that Act No. 548 of 1948 (Art. VI Sec. 19.1) is itself unconstitutional, void, and of no effect— having been improperly adopted and ratified, in violation of ART. XXI Sec. 1 of the Louisiana Constitution, in particular reference to the provisions thereof:
“ ‘ * * * When more than one amendment shall be submitted at the same election, they shall be so submitted as to enable the electors to vote on each amendment separately.’
and
“ ‘ * * * Amendments which have been adopted shall be numbered consecutively, and shall, where possible, refer to the numbers of the articles and sections which have been amended.’
and in particular reference to Graham v. Jones, 198 La. 507 3 So.2d 761, which interpreted the first provision; that petitioners have filed this suit and raised this alternative contention in accordance with the ruling of Graham v. Jones, that:
“ ‘It is the absolute right of any citizen and taxpayer to challenge the constitutionality of a proposed amendment and it is the obvious sworn duty of the members of the Supreme Court to declare that the Constitution has been violated and, therefore, the attempt to so amend it was ineffective * * * ’ (Italics ours.) (3 So.2d at page 795 left column)’.
That the Louisiana Supreme Court in State [Through Dept, of Highways] v. Macaluso did NOT consider or adjudicate, the question whether Act No. 548 of 1948 was properly adopted and ratified under ART. XXI —this question being raised neither in the decision nor in the brief of either party; that accordingly, the District Court can consider this question de novo; that, on information and belief, it would be impossible for this Court to uphold the Constitutionality of Act No. 548 of 1948 without violating ART. XXI, and the rules announced in Graham v. Jones, supra. That State [Through Dept, of Highways] v. Macaluso having recognized that Act 107 of 1954 (LRS R.S. 48:441 et seq) ‘was enacted pursuant to the authority granted to the Legislature by Article VI, Section 19.1 * * * ’ (106 So.2d 455, at page 456) — Act 107 of 1954 must fall, if ART. VI Sec. 19.1 is declared unconstitutional.
“WHEREFORE PETITIONERS PRAY, in addition to all relief prayed for in (1) through (6) of the Prayer to the *452 original petition, that the additional relief (designated 2-A) be granted, viz: (2 A) That in the alternative this Court decides it must follow the interpretation the Supreme Court gave in State [Through Dept, of Highways] v. Macaluso to Act No. 548 of 1948 as being in conflict with ART’S I, II, IV, and VII of the Louisiana Constitution, then in that alternative, that this Court decide, as a de novo question, that Act 548 of 1948 (ART. VI Sec. 19.1) was improperly adopted and ratified, in violation of ART. XXI Sec. 1, and is therefore null, void, and of no effect, with resulting invalidity to Act 107 of 1954 (LRS R.S. 48 :441 et seq.)
“And for any and all other relief necessary herein.”
Defendant, Department of Highways, filed a motion under the provisions of Article 172, sub-paragraph 5, of the Code of Practice of Louisiana, in which it prayed for the dismissal of the plaintiff’s petition and suit. This motion was denied.
Exception of misjoinder of parties was filed by defendant, Jack P. F. Gremillion, Attorney General for the State of Louisiana, on the grounds that he should not have been made a party defendant in the suit but rather should have merely been served under the provisions of the Declaratory Judgments Act (R.S. 13:4241). This exception was maintained by the District Court.
The Department of Plighways filed exception of no cause of action and of no right of action. Both the exception of no cause and of no right of action were sustained and the plaintiff’s suit dismissed. From this dismissal the plaintiffs have appealed.
Plaintiffs-appellants submitted the case upon briefs, and the defendant (Department of Highways) exercised its right of oral argument in addition to the filing of briefs.
Counsel for plaintiffs in his brief covers only the constitutional question raised in his petition and fails to specifically mention the question of his right to a declaratory judgment herein. However, in view of the fact that he has appealed and that the suit was dismissed upon the exception of no cause and no right of action, based upon the apparent ground that the allegations of his original and supplemental petition fail to state a cause or a right of action that would entitle him to seek relief by means of a declaratory judgment under LSA-R.S. 13 :- 4231 et seq., now covered, since effective date of the adoption of the Code of Civil Procedure on January 1st, 1961, by Articles 1871 to 1883, inclusive, thereof, we will consider the judgment of the Lower Court which sustained these exceptions and dismissed plaintiffs’ suit.
The jurisprudence is well settled as to the prerequisites necessary in order to entitle one to the relief afforded under the provisions governing the granting of a declaratory judgment.
In an early case, In Re Cooper, La.App., 57 So.2d 775, this Court stated:
“Although the trial judge did not give any written reasons for his judgment, we learn from the attorneys for the litigants that the decision of the trial judge was based on the ground that the petition failed to disclose a justiciable controversy.
“This action is based on our Uniform Declaratory Judgment Act, Act No. 431 of 1948 and Act No. 22 of Ex. Sess. of 1948, now LSA-R.S. 13 :4231 through 13:4246. Although this Act has not been interpreted by our courts, yet it being the Uniform Act it is now well settled by other courts of the several states that a proceeding for a declaratory judgment must be based upon an actual controversy. The term 'actual controversy’ has been given a broad construction. * * * ”
In Tugwell v. Members of Board of Highways, 228 La. 662, 83 So.2d 893, at page 899, on rehearing, the Court stated:
“In 1934 the Federal government enacted the Federal Declaratory Judg *453 ments Act, 28 U.S.C.A. § 2201 et seq., and at least 35 states of our Union have now adopted the Uniform Declaratory Judgments Act, Louisiana doing so in 1948. R.S. 13:4231 et seq. Courts of this state under the Louisiana statute ‘may declare rights, status, and other legal relations whether or not further relief is or could be claimed’. R.S. 13:4231. In order for courts to entertain an action for declaratory relief, however, it is well settled in other jurisdictions that there must be a jus-ticiable controversy, and the question presented for judicial decision must be real and not theoretical, as courts do not give advisory opinions upon abstract questions. Therefore a declaratory action generally cannot be maintained unless it involves some specific adversary question or controversy asserted by interested parties and based on an existing state of facts, and a declaration of rights must be refused if the issue presented to the court is academic, theoretical, or based upon a contingency which may or may not arise. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688; Brown v. Lawrence, 204 Ga. 788, 51 S.E.2d 651; City of Joplin v. Jasper County, 349 Mo. 441, 161 S. W.2d 411; Security State Bank v. Breen, 65 S.D. 640, 277 N.W. 497; State ex rel. Miller v. State Board of Education, 56 Idaho 210, 52 P.2d 141; Petition of Capital Bank & Trust Co., 336 Pa. 108, 6 A.2d 790. See Anderson, Actions for Declaratory Judgments, v. I, pp. 38-46 (1951); Bor-chard, Declaratory Judgments, pp. 23-61 (1934). * *
Again in State of Louisiana v. Board of Supervisors, Louisiana State University & Agricultural & Mechanical College, Sup. Ct., 228 La. 951, 84 So.2d 597, the Court clearly set forth the fundamental principles governing the right to a declaratory judgment. It stated:
“Ever since 1810, it has been fundamental in the law of Louisiana that courts sit to administer justice in actual cases and that they do not and will not act on feigned ones, even with consent of the parties. See Livingston v. D’Orgenoy, D.C., 108 F. 469, also reported in 1 Mart. O.S., 87. This principle has been strictly adhered to throughout the years and, in reality, is determinative of the matter of the jurisdiction of our courts, original and appellate, as defined by Sections 35, 29 and 10 of Article 7 of the Constitution.
“Section 35 of Article 7 of the Constitution vests the district courts throughout the State with original jurisdiction in all civil matters ‘ * * * regardless of the amount in dispute * * * ’. Thus, in order for the court to become seized of jurisdiction in the first instance, there must be a dispute or controversy over some matter or right in which the opposing parties have an interest. For one to sue, his interest must be real and actual, Article 15, Code of Practice, and a controversy between the suitor and the defendant must exist.
“The Uniform Declaratory Judgments Act, R.S. 13:4231 et seq., has not had the magical effect of changing the above stated basic tenets. In truth, to construe the statute as extending jurisdiction to the courts to validate legislative action, or otherwise render advisory opinions, would effect an unconstitutional enlargement of the grant of judicial power which is restricted to real controversies. State ex rel. Day v. Rapides Parish School Board, 158 La. 251, 103 So. 757; Graham v. Jones, 198 La. 507, 3 So.2d 761, and State ex rel. Bussie v. Fant, 216 La. 58, 43 So.2d 217.
*
*454 "The Uniform Declaratory Judgments Act is merely a procedural device by which the courts may make a declaratory finding pursuant to the provisions of R.S. 13:4231. But, in order for an action to be entertained under the Act, it must be based on an actual controversy and, even when such a case is presented, the grant or refusal of declaratory relief is purely a matter of judicial discretion. Burton v. Lester, supra [227 La. 347, 79 So.2d 333].”
Also see Rogers v. Louisiana State Board of Optometry Examiners, La.App., 126 So.2d 628.
Therefore, it is well established that a declaratory action generally cannot be maintained unless it involves the existence of a real and actual controversy between the suitor and the defendant, admitting a specific relief through a decree of a conclusive character, or if the issue presented to the court is academic, theoretical or based upon a contingency which may or may not arise.
The answer to the question as to whether the exception of no cause and no right of action was correctly sustained must be adjudged upon the allegations of the petition — no testimony having been offered upon the exception of no right of action— which must be accepted as true for the purpose of determining the exceptions. The first two articles, supra, of plaintiffs’ petition are the only ones in any way alleging any facts touching upon the existence of any actual or real controversy. Article 1 alleges upon information and belief that the defendant has finalized plans rerouting State Highway 52, Baton Rouge, published or caused to be published maps or other documents showing the property of the petitioners will be required for the construction, has directly and through agents invaded the property of plaintiffs by making borings and soil tests. Article 2 alleges that the plaintiffs as owners in indivisión of real property in the interstate route “face in reality the situation where the defendant, LOUISIANA STATE DEPARTMENT, OR BOARD, OF HIGHWAYS, is in the process of making arrangements to divest petitioners of their properties, through force of expropriation proceedings if necessary.”
Accepting the allegations of plaintiffs’ petition as true, which we must, they have affirmatively alleged that the Department of Highways has “finalized plans” consisting of maps and other documents which show that the property of the plaintiffs would be required for the construction of State Highway 52 and had .gone upon the plaintiffs’ property and made borings and soil tests, and that the Department was in the process of making arrangements to expropriate the plaintiffs’ property.
The above facts show an actual and real controversy between the plaintiffs and the Department of Highways, for plaintiffs further alleged the unconstitutionality of the Act, not only upon the grounds previously passed upon by the Supreme Court in the Macaluso case, supra, but allegedly upon an entirely new ground not previously considered by any court, and, based upon the alleged unconstitutionality of the Act, requested a declaratory judgment prior to the actual expropriation of their property. Taking the allegations of plaintiffs’ petition, their suit was not based upon a contingency that 'might or might not arise, in fact, plaintiffs state in a reply brief filed in this Court that:
“ * * * The Department of Highways will certainly concede, however, (as indeed it must), that after the filing of plaintiffs’ suit and before the instant appeal was heard, the Department of Highways did in fact expropriate the properties of plaintiffs, utilizing the same 1954 Act, the interpretation of which we questioned under Declaratory Judgment.' What is interesting is the fact that even though plaintiffs had obtained orders for a suspensive appeal, and even though at no time had the Department of Highways questioned either the grant of appeal, or sufficiency of the bond — the Department of Highways nevertheless took it upon itself to proceed WITHOUT first *455 seeking either 1) the adjudication of the case on appeal, or 2) dismissal of the appeal! ! ! At least the Court of Appeal will know now that the fears of plaintiffs were not unfounded as to the anticipated employment of the 1954 Act against plaintiffs by defendant, and that plaintiffs have done all that could be done to secure an adjudication of this issue.”
For the above and foregoing reasons we are of the opinion that the plaintiffs’ petition set forth a cause and right of action. There was a justiciable controversy and plaintiffs were entitled to a declaratory judgment passing upon the ground of unconstitutionality set forth in plaintiffs’ supplemental petition which he alleged had never been raised or passed upon by any court in Louisiana. As to all other grounds of unconstitutionality set up by plaintiffs’ in their petition which they admit were considered by the Supreme Court of the State of Louisiana in the Macaluso case, this court as well as the District Court, are bound by the decision of the Supreme Court in that case. No Justiciable controversy exists as to the unconstitutionality of the law upon the grounds expressly and specifically passed upon by the Supreme Court of Louisiana in the Macaluso case. No real or actual controversy could exist for the final judgment in that case settled and foreclosed any future controversy based upon the same grounds of alleged unconstitutionality. Only the Supreme Court could overrule the judgment rendered by it in the Macaluso case.
Considering the facts alleged in Articles 1 and 2 of plaintiffs’ original petition and Article 12-A set forth in plaintiffs’ supplemental petition, we are of the opinion that plaintiffs’ petition sets forth a cause and right of action which entitles him to a declaratory judgment adjudicating the alleged ground of unconstitutionality set forth in Article 12-A of their supplemental petition.
For the above and foregoing reasons it is hereby ordered, adjudged and decreed that the judgment of the District Court be annulled, and reversed and that the exceptions of no cause and no right of action be and the same are here overruled and the case remanded to the District Court to be proceeded with in accordance with law and not inconsistent with the views herein expressed.[1]

. In view of the fact that the State of Louisiana is engaged in an active program of improvements which in most cases necessitate the expropriation of property, resulting in a number of suits for that purpose, and that probably the effect of this decision would result in the filing of the same plea of unconstitutionality to each of such suits, pending a final judgment by the Supreme Court of the State of Louisiana, which would probably also result in expensive delays in the execution and completion of the State’s public highway program, this Court seriously considered certifying the question to the Supreme Court. However, upon mature deliberation the Court felt that even though the case would have to be remanded to the District Court, which will soon be in summer vacation, re-appealed to this Court and, without doubt, considered by the Supreme Court of Louisiana upon an application for writs, thereby delaying final judgment for a number of months, that a certification would not solve the problem and that writs could be granted by the Supreme Court of Louisiana if it thought the exigencies of the case justified such a procedure so that a final judgment could be rendered by our Court of final resort, with only a short delay. Long v. Martin, 194 La. 797, 194 So. 896; State ex rel. LeBlanc v. Democratic State Central Committee et al. and State ex rel. Pearce v. Democratic State Central Committee et al., 229 La. 556, 86 So.2d 192. (We realize that the exigencies in these cases were more urgent in that relators would have absolutely been without a remedy had not the Supreme Court exercised its supervisory jurisdiction, and we cite these cases merely as authority for the rule that where our Supremo Court considers the exigencies of sufficient urgency or importance, it can and will exercise its supervisory jurisdiction if proper application is made for such relief.)