C. C. Harris *v.* Warren Goodale, Collector-General of Customs.

# SUPREME COURT—MANDAMUS.

## C. C. HARRIS *vs.* WARREN GOODALE, COLLECTOR-GENERAL OF CUSTOMS.

THE act of an executive officer can not be examined by mandamus, which in-
vades the exercise of his judgment or discretion; but where the mode and
requisites of the law, regarding the entry of goods, had been complied with,
by the authorized agent of the importer, upon a refusal by the Collector to
permit the entry, the Court held the remedy at law to be inadequate, and or-
dered a peremptory mandamus to be issued.

ALLEN, C. J.

This is an application for a writ of mandamus to be issued
to the Collector-General of Customs directing him to grant a
permit for the landing of certain goods now on board the bark
"Frances Palmer," and which are the property of John H.
Strauss. The material facts in the case were : That C. C. Har-
ris was the legally authorized agent of said Strauss for the pur-
pose of making the entry of these goods at the Custom House ;
that he went to the Custom House with the bill of lading and
the original invoice to make the inward entry, and offered to
verify the same by oath agreeably to the requirement of the

law.   He also offered to pay the duties, and proposed to have every package opened in the presence of an officer of the Customs, that the contents might be examined, proposing to pay the fees of the officer for the extra trouble, but the Collector-General declined to administer the oath to said authorized agent, and to grant the permit to him, but was ready to do so to Mr. Strauss, the owner, on his compliance with the law.

It appeared that there had been some difference of opinion between the Collector and Mr. Strauss in relation to the entry of these goods, for he had at one time deputed his clerk to make the entry, but the Collector declined to grant the permit to him.  .But all that is alleged to have transpired antecedently to the agency of Mr. Harris, has no bearing on the legal right of Mr. Strauss.   The Collector-General is an efficient, upright and valuable public officer, and the Court is fully aware that he would not intentionally do an act which would work a failure of justice.

The counsel for the Collector contended that the Court had not power to compel an officer of this class to do his duty, unless where individual rights were concerned, and in such case it was within the legal discretion to grant or withhold a mandamus.   That the Custom House would be deprived of a most wholesome check upon smuggling if persons were allowed to make their entries by an authorized agent.   That the owner or consignee have never made any entry of the goods, and that no one could enter the goods unless he was the owner or authorized agent at the time the vessel entered the port.   (Sec. 6, Laws 1848).

That it was necessary to swear to the original bills of lading and invoce, and exhibit them at the Custom House.

That it was in the discretion of the Collector-General to judge as to whom he would administer the oath, and was bound only to administer it to the party authorized to make entry by law.

The law prescribes the mode of entry of goods.   The statute is in these words :

" Whenever any inward entry shall be made at the Custom House, the person making such entry shall exhibit to the Col-

lector the original invoices and bills of lading, and verify the
same by oath.   (Sec. 7.)

"No person shall enter any goods, and secure the duties on
them as principal in the bonds, unless he is the owner or con-
signee at the time the vessel enters the port, or unless he is the
authorized agent of such owner or consignee." (Sec. 9.)

The question is—has the law been complied with ? It is
admitted that Mr. Harris was duly authorized by Mr. Strauss
to make the entry ; that he tendered the inward entry and
offered to verify the same by oath, as well as to comply with
all the requirements of the law.

The duty of the Collector is purely ministerial in this case ;
the law prescribes it, and he has no discretion in the matter.
His duty is to carry out the law. The Court is clearly of
opinion that the Collector had no right to connect this case
with anything which may have transpired between the parties
before, unless he could show a legal connection.

It is sound law that an act of an executive officer cannot be
examined by mandamus, which invades the exercise of his
judgment or discretion.   But in the entry of goods the mode
and requisites are prescribed by law clearly, and, if complied
with by the importer, the Collector is enjoined by law, to allow
the entry to be made, and to grant the permit. The Court is
of opinion that the importer did all that the law enjoined, and
that the Collector should have made the entry and granted the
permit.   In relation to the construction of the 9th Section of
the statute, I think there cannot be a doubt that it intended to
give to the importer the right to appoint an agent to perform
this Custom House duty without regard to the time of the
arrival of the goods.   It would be an exceptional law to de-
prive an importer of the right to appoint an agent to perform
his Custom House business.   I am not aware of any provision
in any commercial State analogous to this, am I am quite as
sure that the Legislature did not intend the power or right of
creating an agency thus limited.   It would be an implication
of the importer which could not have been intended, and a re-
straint not imposed on any other class.

I do not propose in this case to discuss the principles which
govern courts in issuing writs of prerogative, and I will only

refer to the case of Kendall vs. United States, in which the Court say "That the authority to issue the writ of mandamus to an officer of the United States, commanding him to perform a specific act required by a law of the United States, is within the scope of the judicial powers of the United States under the Constitution."

And the Court in this case decided, that the Circuit Court of the District of Columbia has jurisdiction to issue a writ of mandamus to the Postmaster-General, to compel him to do a merely ministerial act, which the relator has a complete right, under an act of Congress, to have done by him, and as to which he has no discretion.

The power to issue the writ of mandamus is given to this Court by the law, and the Court regard it a duty to interpose in a summary way to supply a remedy, when for the want of a specific one, there would be a failure of justice. The remedy at law fails to be complete and adequate for the reason that, although the Collector-General may be liable to a suit, still the delay incidental to legal proceedings would perhaps subject a merchant to the loss of the market for the season ; to great delay in his business, and on heavy importations to irretrievable ruin.

The Court, therefore, order a peremptory mandamus, directed to the Collector-General of Customs, to be issued.

Mr. Harris, for the prosecutor.

Mr. Bates, for the Collector-General.